977 F.2d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Susan D. WHITAKER, Plaintiff-Appellant,
v.
PROFESSIONAL INVESTORS INSURANCE GROUP, INC., Defendant-Appellee.
 No. 91-5125.
 United States Court of Appeals, Tenth Circuit.
 Oct. 5, 1992.
 
 Before LOGAN, EBEL and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Susan Whitaker appeals from a judgment entered in favor of defendant Professional Investors Insurance Group, Inc. (PIIGI) in this Title VII action. PIIGI is a stock holding company which had a substantial interest in Progressive Acceptance Corporation (PAC), the primary defendant.[1] Whitaker sued PIIGI on a "single employer" theory, arguing that the two companies should be considered one for purposes of evaluating Title VII liability. Following a bench trial, the district court held PIIGI was not Whitaker's employer, and, therefore, it could not be held liable for the alleged discrimination. After carefully reviewing the record and applicable law, we affirm.
 
 
 3
 * In July 1988, Whitaker applied for a position as a credit analyst with PAC. The position involved reviewing and approving credit applications. Her past experience included four years evaluating credit applications. At the time she applied for the position, she made the personnel director, Lynn Connelly, aware that she was also interested in any available credit clerk positions. Although she was interviewed for the analyst position, she did not get the job.
 
 
 4
 In October 1988, Whitaker called Lynn Connelly in response to newspaper advertisements for a loan processor and credit clerk. Connelly allegedly told Whitaker PAC had her resume on file and that it would be forwarded to the appropriate department heads. At trial, the department heads testified they never received the resume. Although PAC hired many credit clerks during this time period, Whitaker was never considered for a position. Whitaker ultimately filed complaints with the Oklahoma Human Rights Commission and the Equal Employment Opportunity Commission, alleging PAC discriminated against her because of her race. This lawsuit followed.
 
 II
 
 5
 The sole question in this appeal is whether the district court erred in determining that PAC and PIIGI are not one entity for purposes of evaluating Title VII liability. This is a mixed question of law and fact. See Pullman-Standard v. Swint, 456 U.S. 273, 289 n. 19 (1982) (mixed questions are those involving application of undisputed or established facts to a statutory standard). Because we view this as primarily a factual determination, our review is under the clearly erroneous standard. See Uselton v. Commercial Lovelace Motor Freight, Inc., 940 F.2d 564, 572 (10th Cir.), cert. denied, 112 S.Ct. 589 (1991).
 
 III
 
 6
 Whitaker argues that PIIGI should be held liable for the acts of PAC under a single employer theory. See McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 933 (11th Cir.1987); Baker v. Stuart Broadcasting Co., 560 F.2d 389, 391-92 (8th Cir.1977). This circuit has not yet adopted this theory. See Evans v. McDonald's Corp., 936 F.2d 1087, 1090 (10th Cir.1991) ("We need not decide whether to adopt the reasoning of McKenzie and like cases, because [plaintiff] cannot sustain a cause of action even under the theory she advances."). Even assuming, without deciding, that the single employer theory applies in this circuit, we agree with the district court that Whitaker cannot prevail.
 
 
 7
 Under the single employer test, the court evaluates four factors to determine whether two entities are so interrelated that it is appropriate to consider them one employer under Title VII. The factors are: 1) interrelated operations, 2) common management, 3) centralized control of labor relations, and 4) common ownership. Armbruster v. Quinn, 711 F.2d 1332, 1337 (6th Cir.1983). Of these, centralized control over labor relations is the most important factor. Trevino v. Celanese Corp., 701 F.2d 397, 404 (5th Cir.1983).
 
 
 8
 The district court held there was insufficient evidence of interrelationship between these two entities to satisfy the single employer theory. We agree. PIIGI is a stock holding company which had a substantial interest in the company which owned PAC.[2] Prior to filing for bankruptcy protection, PAC was in the business of selling automobile paper. The district court found the two companies had completely separate operations. PAC was financially independent and made its own hiring decisions. The two entities did not formulate any joint employment policies. Further, although PAC and PIIGI shared the same business address, their offices were separated.
 
 
 9
 Whitaker maintains that Lynn Connelly's role as personnel director for both companies is dispositive of the single employer issue. In evaluating corporate relationships under the single employer test, " '[t]he critical question to be answered ... is: What entity made the final decisions regarding employment matters related to the person claiming discrimination.' " Trevino, 701 F.2d at 404 (quoting Odriozola v. Superior Cosmetic Distribs., Inc., 531 F.Supp. 1070, 1076 (D.P.R.1982)). As stated, the district court found PAC and PIIGI made their own hiring decisions. Moreover, the court found the companies did not make joint policy decisions, nor did PIIGI have any involvement in the day to day operations of PAC. These findings are not clearly erroneous. They support the district court's ruling that PAC and PIIGI should not be treated as one employer under Title VII.
 
 
 10
 Consequently, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. Appellee's Motion To Dismiss Appellant's Brief in Chief is DENIED. Appellant's Motion To Expedite Case is DENIED as moot. The mandate shall issue forthwith.
 
 
 11
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 PAC filed for bankruptcy in April 1990. Consequently, the action was stayed against it and the company was not present at trial
 
 
 [2]
 The district court aptly described PIIGI as PAC's parent corporation "once removed."