Patricia SNOWDON, Plaintiff,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, State Farm Fire and Casualty, a foreign corporation, Jerry Jensen, Ray Rael, Doug Smith, Scott Rassi and John Spears, all individually and as employees of State Farm, Defendants.**

Civ. 93–0597 MV/DJS.

United States District Court, D. New Mexico.

March 5, 1996.

Randi McGinn, Albuquerque, NM, for plaintiff.

Ranne Miller, Albuquerque, NM, for defendants.

### MEMORANDUM OPINION ORDER

VAZQUEZ, District Judge.

**THIS MATTER** is before the Court for consideration of the Affirmative Defenses of Defendants Jerry Jensen, Ray Rael, Doug Smith, Scott Rassi and John Spears which were raised in Defendants' Answer, filed June 18, 1993 (Doc. # 9) and the Affirmative Defense of Defendant State Farm Fire and Casualty which was raised in Defendants' Answer, filed June 18, 1993 (Doc. # 9). After careful consideration of the relevant pleadings and authorities, the Court finds that the affirmative defenses are **well-taken in part.**

## I. AFFIRMATIVE DEFENSES OF INDIVIDUAL DEFENDANTS

### A. Plaintiff's Title VII Claims Against the Individual Defendants

Plaintiff has sued five employees of State Farm Mutual Automobile Insurance Company for employment discrimination "individually and as employees of State Farm." Defendants assert that individual employees of a corporation may not be sued under Title VII.

Title VII forbids discrimination by an "employer." *42 U.S.C. § 2000e-2(a).* An "employer" is "a person engaged in an indus-

try affecting commerce who has 15 or more employees ... and any agent of such person." *42 U.S.C. § 2000e(b).* The Circuits are split in how they interpreted what encompasses an employer and its agents under Title VII. *See Ball v. Renner,* 54 F.3d 664, 666–68; *U.S. Equal Employment Opportunity Commission v. AIC Security Investigations, Ltd.,* 55 F.3d 1276, 1279–80 (7th Cir. 1995). Courts have interpreted the definition of "employer" in two distinct ways:

1. as deepening the pool of potential defendants under Title VII to include supervisory and management personnel who discriminate in the workplace, or

2. as merely broadening the circumstances in which corporations and other organizational employers that otherwise meet the 15–employee threshold and the industry-affecting-commerce requirement may be liable, by ensuring that the discriminatory acts of individuals are imputed to the employing entity.

*Ball v. Renner,* 54 F.3d 664, 666 (10th Cir. 1995).

According to the first approach, the agency phrase imposes liability not only against the "employer" in the traditional common-law sense but also downstream against individuals who are directly responsible for the discriminatory conduct. According to the second, the phrase serves only to assure that respondeat superior liability operates properly against the actual employer.

*Id.; U.S. Equal Employment Opportunity Commission v. AIC Security Investigations, Ltd.,* 55 F.3d 1276, 1279–80 (7th Cir.1995). In *Ball,* the Tenth Circuit declined to resolve the question but indicated that the interpretation that "explains the 'agent' phrase is aimed at the application of respondeat superior principles to impose Title VII liability on the actual employer—it makes little sense in analytical terms." 54 F.3d at 667–68. The Tenth Circuit went on to state that "giving the 'agent' phrase its literal meaning—that is, as making the responsible agent a statutory 'employer' who is prohibited by Section 2000e–2(a) from discriminatory conduct and is rendered liable by Section 2000e–5(f) for violating that prohibition-is eminently sensible as a matter of statutory structure and logical analysis." *Id.* at 667. The Court finds the guidance provided by the Tenth Circuit persuasive and will therefore adopt the view that individuals can be held personally liable for violations of Title VII.[1] The individual defendants will not, therefore, be dismissed from this suit.[2]

## B. Plaintiff's Tort Claim Against the Defendants for Intentional Infliction of Emotional Distress

Defendants assert that Plaintiff's claim of intentional infliction of emotional distress against them is barred by the exclusivity provisions of the New Mexico Worker's Compensation Act. N.M.Stat.Ann. § 52–1–6 (Repl.Pamp.1991). Contrary to Defendants' assertion, such a claim does lie against an employer. *See Jeannette Chavez–Steels v.*

---

[1] This Court is aware that there are New Mexico District Court Cases which hold that individuals cannot be held personally liable for violations of Title VII; however, these cases were decided before *Ball. See e.g., Ralston v. Kelly Electric, et. al.,* Civ. No. 93–1031 JB, Slip Op. (D.N.M. March 1, 1994); *Richardson v. Southland Corp.,* Civ. No. 93–1252 JC/DJS, Slip Op., 1994 WL 901641 (D.N.M. June 28, 1994).

[2] The Court is also unpersuaded by Defendants' argument that the individual defendants should be dismissed from this suit because they were not specifically named in the EEOC charge. *See Reply Brief in Support of Affirmative Defenses of Defendants Jensen, Rael, Smith, Rassi, and Spears, pp. 2–3, filed August 9, 1993.* "Complaints to the EEOC must be liberally construed in order to accomplish the purposes of the Act, since such complaints are written by laymen not versed either in technicalities of pleading or jurisdiction requirements of the Act." *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.,* 702 F.2d 857, 860 (10th Cir.1983).

Where the defendant is informally referred to in the body of the charge, or where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation.

*Id.* (quoting *Romero v. Union Pacific Railroad,* 615 F.2d 1303, 1311 (10th Cir.1980)). It is thus apparent that the individual defendants are not entitled as a matter of law to be dismissed from this action on the basis that the Plaintiffs failed to formally name them in her EEOC charge.

State Farm Mutual Automobile Insurance Co., et al., Civ. No. 91–1147 JB, Slip Op., 1993 WL 837252 (D.N.M. April 20, 1993) and cases cited therein. Defendants are correct, however, that Plaintiff's claim for intentional infliction of emotional distress against the individual defendants, Jerry Jensen, Ray Rael, Doug Smith and John Spears, is precluded by the Act. Id.; Diamond v. Innovative Services, Inc., Civ. No. 95–0071, Slip Op., 1995 WL 877501 (D.N.M. July 7, 1995).

## II. AFFIRMATIVE DEFENSE OF DEFENDANT STATE FARM FIRE AND CASUALTY

Defendant State Farm Fire and Casualty seeks an order dismissing it from this action on the grounds that it is not Plaintiff's employer and is not subject to suit on any of Plaintiff's claims." Memorandum Brief in Support of Affirmative defense of Defendant State Farm Fire and Casualty Company, pg. 1, filed June 18, 1993. Defendants allege that Plaintiff was employed and compensated solely by State Farm Mutual Automobile Insurance Company, a separate corporation. Plaintiff does not dispute that all the individual defendants are employed by State Farm Mutual Automobile Insurance Company. Plaintiff claims, however, that a genuine issue of material fact exists over whether Plaintiff was employed by one of the defendant corporations or both. As support for this claim, Plaintiff alleges that she "worked on State Farm Fire and Casualty Company files as part of her normal course of employment." Plaintiff's Response to Affirmative Defense Motions to Dismiss, pg. 1, filed July 21, 1993.

■ Because I have considered matters outside the pleadings, I will treat this motion as a motion for summary judgment. There are several legal theories which may be used by a charging party to attempt to obtain Title VII jurisdiction over a potential respondent which is not his/her employer-in-fact. These include showing that the respondent and their employer are so integrated in their operations as to be a single employer; showing that the respondent exercises such control over their employment conditions as to be a joint employer; or showing that their putative employer was really just an 'agent' of the respondent, who is their true employer. See Frank v. U.S. West, Inc., 3 F.3d 1357, 1362 & fn. 2 (10th Cir.1993)

■ Under the integrated enterprise theory, separate business entities are combined and treated as a single employer for purposes of meeting the "15 or more employees" requirement and for purposes liability, so that an individual discriminated against with respect to employment may file a charge against all of them. See EEOC v. Wooster Brush Co. Employees Relief Ass'n, 727 F.2d 566 (6th Cir.1984). Factors considered in determining whether separate entities may be treated as a single employer are interrelation of operations, centralized control of labor relations, common management, and common ownership or financial control. Frank, 3 F.3d at 1362; McKenzie v. Davenport–Harris Funeral Home, 834 F.2d 930, 933 (11th Cir.1987); Daniels v. Kerr McGee Corp., 841 F.Supp. 1133 (D.Wyo.1993). The only evidence presented by Plaintiff to support her contention is her assertion that she was an employee of both State Farm Fire and Casualty and State Farm Mutual Automobile Insurance Company. In support of her claim, Plaintiff asserts that she worked on State Farm Fire and Casualty Company files as part of her normal course of employment. Plaintiff presented no evidence regarding the other factors I must consider.[3] I find the evidence presented by Plaintiff is insufficient to create a genuine issue of material fact concerning whether State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company should be treated as a single entity. Therefore, the Complaint will be dismissed as it applies to Defendant State Farm Fire and Casualty Company.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that the Affirmative Defenses of Defendants Jensen,

---

**3.** I also note that while Plaintiff pointed out that this motion must be treated as one for summary judgement she did not file a Fed.R.Civ.P. 56(f) affidavit to show what discovery she needed to respond and why the discovery would enable her to defeat summary judgment.

Rael, Smith, Rassi and Spears raised in Defendants' Answer, filed June 18, 1993 (Doc. # 9) are hereby **GRANTED IN PART AND DENIED IN PART.** Plaintiff's Title VII claims against the individual Defendants do state claims upon which relief can be granted. Plaintiff's tort claim against State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty is not barred by the Exclusivity provision of the Worker's Compensation Act and will not, therefore, be dismissed. Plaintiff's tort claim against Jerry Jensen, Ray Rael, Doug Smith, Scott Rassi and John Spears for intentional infliction of emotional distress is barred by the Exclusivity provision of the Worker's Compensation Act and will, therefore, be dismissed.

**IT IS FURTHER ORDERED THAT** the Affirmative Defense on behalf of State Farm Fire and Casualty Company raised in Defendants' Answer, filed June 18, 1993 (Doc. # 9) is **GRANTED** and the Complaint will be dismissed as is applies to Defendant State Farm Fire and Casualty.