### Lisamarie DeSHIRO and Karen Landon, Plaintiffs,

v.

David BRANCH, individually, Edward Glen McCabe, individually, and Paramount Payphones, Inc., a Nevada corporation, d/b/a PPI Payphones, Inc., a Nevada corporation, Defendants.

No. 96–800–CIV–T–17–E.

United States District Court,
M.D. Florida,
Tampa Division.

April 17, 1998.

Alex Lancaster, Amy L. Sergent, Lancaster & Eure, Sarasota, FL, Howard J. Shifke, Howard J. Shifke, P.A., Tampa, FL, for Plaintiffs.

Daniel H. Kunkel, John M. Hament, Michele M. Perri, Kunkel, Miller & Hament, Sarasota, FL, for Defendants.

### ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

THIS CAUSE comes before the Court on Defendant Paramount Payphones, Inc.'s Motion for Partial Summary Judgment on Counts III, IV, and V of Plaintiffs LisaMarie Deshiro and Karen Landon's Second Amended Complaint that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.,* and the Florida Civil Rights Act ("FCRA"), Florida Statutes, Chapter 760 *et. seq.,* (Docket No. 92–93). The Plaintiffs have filed a response to Defendant's Motion for Partial Summary Judgment (Docket No. 97).

### FACTS

Plaintiffs are former employees of Defendant Paramount Payphones, Inc. (hereinafter "Paramount"). Plaintiff DeShiro was employed from July 19, 1995 to August 11, 1995. DeShiro alleges that from the time she began working for Paramount, she was sexually harassed with unwanted sexual comments and harassment. She alleges a number of incidents, which, created a hostile working

environment. She also claims to have received threats that her job was in jeopardy when she voiced her objections concerning the sexual harassment. Finally, DeShiro asserts she was terminated on August 11, 1995, as a result of the sexual harassment.

Plaintiff Landon was employed from March 15, 1995 to July 18, 1995. Landon also claims that Defendant directed unwanted sexual comments and harassment towards her. She claims that unwelcome and inappropriate physical touching and several requests from Defendant to submit to sexual acts created an intimidating, hostile, and offensive work environment. She also claims that she was fired on July 18, 1995, when she refused to engage in sexual acts with Defendants McCabe and Branch for monetary compensation.

Both Plaintiffs filed this sexual harassment suit against Paramount under Title VII and the FCRA alleging five separate counts in their Second Amended Complaint. In Counts I and II, Plaintiffs allege that their former employer intentionally inflicted emotional distress upon them and committed batteries on them as well. In Counts III, IV, and V, which are the subject of this Motion for Partial Summary Judgment, Plaintiffs allege Quid Pro Quo Sexual Harassment, Hostile Environment Sexual Harassment, and violations of the Florida Civil Rights Act.

## STANDARD OF REVIEW

All motions for summary judgment are considered based upon the standards of review set forth by the Supreme Court in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue of material fact', since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of the case with respect to which that party has the burden of proof.

*Celotex v. Catrett,* 477 U.S. at 322–23.

## DISCUSSION

Plaintiffs' suit rests on Title VII's anti-discrimination provision, 42 U.S.C. § 2000e–2(a), which makes it unlawful for an employer to discriminate against any of its employees on the basis of race, color, sex, religion, or national origin. Paramount is subject to Title VII, however, only if, at the time of the alleged discrimination, it met the statutory definition of "employer," to wit: "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The FCRA's definition of "employer" is essentially the same as under Title VII and says that an "employer" is one that has "15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." Florida Statutes § 760.02(7).

Paramount's "working days" are Monday through Friday, and the "current" and "preceding" calendar years for purposes of the discrimination claim are 1995 and 1994. The Defendant maintains that Paramount does not meet the statutory definition of "employer," because it failed to satisfy the 15–employee threshold in 1995 or 1994. Plaintiffs, on the other hand, argue that Defendant has

the burden of going forward to prove its position, and that any differences should be resolved in the light most favorable to Plaintiffs.

Defendant submitted a Motion for Partial Summary Judgment before the discovery period ended (Docket No. 26). That motion was denied because Plaintiffs had not yet conducted discovery (Docket No. 51). Plaintiffs have been given ample time to conduct discovery, and accorded extended time to respond to Defendant's several motions for reconsideration of its motion for partial summary judgment. Since the discovery period has ended, and the case has been set for trial, the Court granted Defendant's request to file another motion for summary judgment on the issue of lack of subject matter jurisdiction.

The Supreme Court's recent decision in *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 117 S.Ct. 660, 136 L.Ed.2d 644 (1997), explained that an "employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll." Paramount submitted affidavits of its President, its custodian of records, and an independent auditor who all swear that all relevant financial, tax, and records of Paramount establish that Paramount did not employ 15 or more employees on each day in each of 20 or more calendar weeks in either 1994 or 1995. Paramount also submitted corporate records, W–2 wage and tax statements, and an independent auditor report which demonstrate that Paramount did not have an employment relationship with 15 or more employees for the relevant years as required under the statute.

Paramount has met its burden in filing this motion and averring facts which show that this Court lacks subject matter jurisdiction. According to Rule 56(c), Plaintiffs must now show contradicting facts which prove that this Court does have subject matter jurisdiction, or in the alternative, present affidavits or other evidence setting forth specific facts showing that there is a genuine issue for trial.

The parties have had adequate time for discovery and did engage in extensive discovery, especially on the issue of the number of employees Defendant Paramount employed in the relevant years. Plaintiffs have been unable to prove that Paramount employed 15 or more employees for the relevant years. The issue of number of employees employed by Paramount is an essential element to the Plaintiffs' case. As such, this Court viewed the evidence in the light most favorable to the Plaintiffs.

This Court finds that Plaintiffs failed to present any specific facts to show that Defendant either owned other businesses which could be included in determining Paramount's total number of employees, or had a relationship in 1994 or 1995 with any "nominally independent entities" where it could be found that Paramount and these other entities were a "single employer" for purposes of Title VII. The Plaintiffs also did not show that Paramount was so integrated with another corporation in 1994 or 1995 such that the corporations share management services, had common officers and boards of directors, and were controlled by the same persons. The Plaintiffs failed to present any evidence to show that Paramount is an "employer" as defined under 42 U.S.C. § 2000e(b).

Plaintiffs have not presented any contradicting evidence, which at trial, could reasonably convince a jury that Paramount is an "employer" as defined under the statute. Plaintiffs' assertion, in their memorandum of law in opposition to Defendant's motion for partial summary judgment, that Plaintiffs have created a fact question on the issue is conclusory in nature and not persuasive.

The Supreme Court in *Anderson*, held that when a party makes a motion for summary judgment, the "movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202. The United States Court of Appeals for the Eleventh Circuit held that while the statute should be construed in a light most favorable to the plaintiffs, the plaintiffs must still bear the burden of proving that subject mat-

ter jurisdiction exists. *McKenzie v. Davenport–Harris Funeral Home*, 834 F.2d 930, 932 (11th Cir.1987).

Plaintiffs have failed to present sufficient evidence that would support a jury verdict on the issue of the number of employees. Therefore, Paramount is not an "employer" as defined under the statute.

## CONCLUSION

The Court has found that Plaintiff did not meet its burden of proving that subject matter jurisdiction exists. As such, this Court lacks subject matter jurisdiction. Accordingly, it is

**ORDERED** that Defendant's Motion for Partial Summary Judgment as to Counts III, IV, and V. of Plaintiffs' second amended complaint (Docket No. 92–93) be **granted** and the Clerk of the Court **shall** enter judgment for the defendant.