**Marlene STUDSTILL, Plaintiff-Appellant,**

v.

**BORG WARNER LEASING, a Division of BORG WARNER ACCEPTANCE CORPORATION, a foreign corporation, Defendant-Appellee.**

**No. 86–3450 Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Dec. 22, 1986.

---

Scott L. Sterling, Law Offices of J. Russell Hornsby, Orlando, Fla., for plaintiff-appellant.

Anne C. Conway, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Orlando, Fla., Peter W. Zinober, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, Fla., for defendant-appellee.

Before RONEY, Chief Judge, and HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

## FACTS

Appellant, Marlene Studstill, filed an employment discrimination action against the appellee, Borg Warner Leasing, in January of 1984. She alleged that her supervisor at Borg Warner, Terrell Quinn, physically touched and otherwise sexually harassed her. Count I of her complaint alleged that Mr. Quinn's conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). She also alleged two pendent state claims, both grounded on the same factual allegations as Count I. Count II was a claim for intentional infliction of emotional distress, and Count III was a claim for civil assault and battery.

Borg Warner moved for summary judgment on the tort claims in Count II and Count III, arguing that any injury sustained by Ms. Studstill was covered by Florida's Workers' Compensation Law. As such, any claim for physical injury was barred by the exclusivity defense of the Act, § 440.11.2.[1] Borg Warner further alleged that the tort claims were based solely on verbal statements made by Mr. Quinn, and therefore did not state a claim for which relief could be granted according to Florida law.

At first the district court denied the motion for summary judgment, holding that

---

1. That section reads as follows:

 440.11 Exclusiveness of Liability

 1. The liability of an employer prescribed in section 440.10 shall be exclusive and in place of all other liability of such employer to any third party tortfeasor and to the employee, the legal representative thereof, husband or wife ... and anyone otherwise entitled to recover damages from such employer ... on account of such injury or death.

the exclusivity defense did not apply because the definition of "accident" under Florida's Workers' Compensation Law requires an "unexpected" or "sudden" event, while Ms. Studstill alleged that Mr. Quinn's conduct continued over an extended period of time. Borg Warner then moved for reconsideration, and brought to the court's attention Florida cases specifically holding that the type of sexual harassment alleged by Ms. Studstill was covered by Florida's Workers' Compensation Law. Based on these Florida cases, the court granted appellee's motion for summary judgment.

Ms. Studstill then moved for voluntary dismissal of her Title VII claim in Count I. She sought the dismissal in order to expedite review of the district court's order granting Borg Warner summary judgment on the appended tort claims. This motion went unopposed, and it was granted by the district court. Ms. Studstill now appeals the voluntary dismissal of Count I and the judgment for Borg Warner on Counts II and III.

Appellant was employed at the Borg Warner leasing branch office in Orlando, Florida for a period of several months in 1976, and was later reemployed from June 1978 until the present. She alleged that she was subjected to two kinds of sexual harassment by Terrell Quinn during her second term of employment at Borg Warner. The first kind included unwanted physical contact. The second type includes verbal statements of harassment, including dirty jokes, off-color comments, and profane suggestions.

■ In holding that Ms. Studstill's claims were barred by the Florida Workers' Compensation exclusivity defense, the district court was "bound to adhere to decisions of [Florida's] intermediate appellate courts, absent some persuasive indication that the state's highest court would decide the issue otherwise." *Provau v. State Farm Mutual Automobile Insurance Co.,* 772 F.2d 817, 820 (11th Cir.1985). A dis-

trict court must adhere to an intermediate state court decision even if the federal court does not agree with that state court's reasoning or the outcome which the decision dictates.

■ The cases followed by the district court in dismissing Counts II and III of this action are unequivocal. In *Brown v. Winn-Dixie Montgomery, Inc.,* 469 So.2d 155 (Fla.App. 1 Dist.1985) (en banc) the plaintiff alleged that her male supervisor grabbed her breast. The court held that her claim for alleged battery was barred by section 440.11, the exclusivity defense.

The allegedly sexually harassed plaintiff also maintained that even if summary judgment were appropriate on the battery count, her claim for intentional infliction of emotional distress, based on that battery, should not be barred. The Florida court held otherwise, stating:

> Regardless of what label we place on the tort, the fact is that the act which appellants claim directly caused the mental distress for which damages are sought is the act of grabbing Ms. Brown's breast. Appellant's tort claims based thereon are barred by section 440.11.

In *Schwartz v. Zippy Mart, Inc.,* 470 So.2d 720 (Fla.App. 1 Dist.1985) (en banc) two female plaintiffs brought claims for assault and battery based on the same type of continued physical sexual harassment that Ms. Studstill now alleges. The Florida court held that even when such conduct occurred over a long course of time, it nevertheless constitutes conduct covered by the Workers' Compensation Act. A common law tort based on such conduct is therefore barred.[2]

Appellant does not present any evidence distinguishing her claim from those dismissed as barred by the exclusivity defense in both *Brown* and *Schwartz.* While the law in other states may differ, the law in Florida is clear and it was Florida law the

---

2. In the interest of clarity, we note that section 440.11 bars any other action against an *employer.* Any claim that Ms. Studstill may have against Mr. Quinn is not affected by the act. *See Brown,* 469 So.2d at 157.

district court was bound to apply. Count III was correctly dismissed.

██ Appellant also contends that the second type of sexual harassment, consisting exclusively of verbal comments, is not barred by the exclusivity defense. She claims that her claim for intentional infliction of emotional distress, unlike the claim asserted in *Brown,* can be supported on this basis alone, without reference to the battery she alleges.

We need not decide that issue. Even if it were true that verbal sexual harassment constituted a tort not covered by the Florida Workers' Compensation Law, Florida case law indicates that verbal sexual harassment of the type that Ms. Studstill alleges does not constitute conduct sufficiently heinous to support a claim for intentional infliction of emotional distress. In the case of *Ponton v. Scarfone,* 468 So.2d 1009 (Fla.App. 2 Dist.1985), the court held that an employer's conduct in attempting to induce an employee to join with him in a sexual liaison was not so outrageous as to constitute intentional infliction of emotional distress. This court is bound to follow that Florida decision. Therefore, appellant's claim for damages based on verbal sexual harassment must be dismissed.

Finally, returning to the remaining Title VII claim, the Supreme Court has recently held that a claim of "hostile environment" sexual harassment is a form of sex discrimination actionable under Title VII. *Meritor Savings Bank v. Vinson,* — U.S. —, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). Ms. Studstill has alleged facts which fall into the category of sexual harassment creating a hostile environment. The question is whether or not she has lost her right to pursue that claim due to her voluntary dismissal.

██ Borg Warner correctly maintains that a voluntary dismissal under Fed.R. Civ.P. 41(a)(2) is not generally reviewable on appeal. *See Yoffe v. Keller Industries, Inc.,* 580 F.2d 126 (5th Cir.1978). However, appellate courts have reviewed voluntary dismissal where such a dismissal was granted only to expedite review of an order which had in effect dismissed appellant's complaint. *See Raceway Properties, Inc. v. Emprise Corp.,* 613 F.2d 656 (6th Cir. 1980), and *Bogorad v. Eli Lilly & Co.,* 768 F.2d 93 (6th Cir.1985). Ms. Studstill argues that her claim was effectively dismissed because only by pursuing the pendent state tort claims could she receive compensatory or punitive damages.

We find that proposition untenable. The appellant's Title VII claim was not affected whatsoever by the district court's adverse ruling on the completely independent state tort claims. After the summary judgment the plaintiff had two choices. She could have continued to litigate the Title VII claim, and had an ultimate appeal of all rulings, or she could have abandoned the Title VII claim in exchange for the right to an immediate appeal of the ruling on the tort claims. Having opted for the latter, she may not now have both.

The district court's dismissal of the Title VII claim did not specify that the claim was dismissed with or without prejudice. Because it was an unopposed motion for a voluntary dismissal, we must assume that it was voluntary and therefore, at this point, without prejudice. Fed.R.Civ.P. 41(a). In her motion for voluntary dismissal, the appellant stated, "The court's dismissal of Counts II and III of the plaintiff's complaint, in effect dismissed the only viable claims which she had advanced, based on the degree of damages suffered." We will take her at her word. The district court is the proper forum for determining whether plaintiff should be allowed to refile her Title VII claim. We will not remand it for her. On all counts, the decision of the district court is

AFFIRMED.