**Maureen HOWRY, Plaintiff,**

v.

**NISUS, INC.; National Insurance Services, Inc.; Pan American Insurance Company; and Michael Szemeredy, Defendants.**

**No. 95–211–CIV–T–17E.**

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 9, 1995.

Jonathan David Conant, Goldberg, Goldstein & Buckley, P.A., Ft. Myers, FL, for plaintiff.

David J. Stefany, Hogg, Allen, Norton & Blue, P.A., Tampa, FL, for defendants.

## 578

## ORDERS ON DEFENDANTS' MOTIONS TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the court on the Defendant Pan American Life Insurance Company's ("Pan Am") Motion to Dismiss and Memorandum in Support (Docket No. 27) and response thereto (Docket No. 29); and Defendants Nisus, Inc., National Insurance Services, Inc., Pan Am, and Michael Szemeredy, ("Corporate Defendants") Motion to Dismiss and Memorandum in Support (Docket No. 26), and response thereto (Docket No. 30).

## STANDARD FOR DISMISSAL

 A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, when ruling on a motion to dismiss is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## PROCEDURAL HISTORY

The initial complaint in this case was filed on February 14, 1995. Subsequent to the initial filing there have been two (2) amendments to the Complaint, the most recent filed on May 25, 1995. Defendant Pan Am filed a timely Motion to Dismiss Count II of the latest Complaint. In addition, Defendants collectively filed a timely Motion to Dismiss Counts I and III of the latest Complaint.

The Court has for consideration Counts I, II, and III. Count I alleges claims against Pan Am for violating Title VII of the Civil Rights Act of 1964 as to Sexual/Gender based Harassment and Count III for violation of the Florida Civil Rights Act of 1992 and Chapter 760 of the Florida Statutes. Count II alleges claims against the Corporate Defendants for intentional infliction of emotional distress.

Plaintiff Howry has brought a lawsuit for alleged sexual discrimination under Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act of 1992. In Counts I and III, Plaintiff sues NISUS, her immediate employer, and the corporate parent of NISUS, NIS, and the corporate parent of NIS, PAN AM, alleging violations of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992. In Count II, Plaintiff sues all Corporate Defendants for intentional infliction of emotional distress.

## DISCUSSION

## COUNT I AND III SEXUAL/GENDER BASED HARASSMENT AND FLORIDA CIVIL RIGHTS ACT OF 1992 AND CHAPTER 760 OF FLORIDA STATUTES

Pan Am seeks to have Counts I and III of the Seconded Amended Complaint dismissed as against it because the Plaintiff fails to present sufficient allegations that Pan Am was her employer at the time of the alleged discrimination. Pan Am argues that under the integrated enterprise test, which is used to make employer determinations in Title VII cases, Plaintiff's Complaint fails to present sufficient allegations that it, as a parent corporation, had sufficient control over the subsidiary, NISUS, to constitute employer status under Title VII. *McKenzie v. Davenport–Harris Funeral Home*, 834 F.2d 930 (11th Cir.1987), *Frank v. U.S. West, Inc.*, 3 F.3d 1357 (10th Cir.1993). Pan Am argues that there is no parent corporation liability under Title VII.

In addition, Pan Am argues that there is no allegation in Plaintiff's Complaint that any of the named Defendants are "employers" as defined under the Florida Civil Rights Act of 1992. Pan Am asserts that even if Plaintiff's Complaint could be read to imply "employer" status of the Corporate Defendants from the Title VII claim, Pan Am's argument above demonstrates, that as a matter of law, Plaintiff's assertions in Paragraphs 7 through 10 and Plaintiff's mere "information and belief", fail to survive a 12(b)(6) motion.

Plaintiff alleges that Pan Am controls both of its subsidiaries' employment practices, wherein the subsidiaries Human Relations Department confers with Pan Am for further

direction and action. (Complaint, Para. 11). Plaintiff asserts that allegations that Pan Am is directly involved through a corporate chain of command in decisions concerning the handling of employment matters is enough to demonstrate the parent corporation's control of the subsidiary.

Furthermore, Plaintiff alleges that the Officers and/or directors of Pan Am have been present in the business of NIS and NISUS, being introduced to Plaintiff as the "bosses" of Plaintiff. (Complaint, Para. 11) Plaintiff asserts that these allegations meet the scrutiny of the test set forth in *Frank v. U.S. West, Inc.,* 3 F.3d 1357 (10th Cir.1993).

In addition, Plaintiff argues that Defendants' status as employers under the Florida Civil Rights Act is implied by the employer's status under Title VII. However, Plaintiff has agreed to amend her Complaint to set forth Defendants' status as employer under the Florida Civil Rights Act of 1992.

The facts alleged in the Amended Complaint relevant to the resolution of the Motion to Dismiss follow:

"8. The Defendant, Pan American Life Insurance Company, (hereinafter referred to as "Pan Am") is a Louisiana Corporation for profit engaged in the sale of insurance policies. Its Main offices are located in New Orleans, Louisiana, and it is a an "employer" as set forth in 42 U.S.C. Section 2000E–(B). Pan American Life Insurance Company does business in Tampa, Hillsborough County, Florida through its subsidiaries Defendants National Insurance Services, Inc. and NISUS, INC.

9. The Defendant, National Insurance Services, Inc., (hereinafter referred to as "NIS") is a Florida corporation engaged in the sales of insurance policies. Its main offices are located at Tampa, Hillsborough County, Florida, and it is an "employer" as set forth in 42 U.S.C. Section 2000E–(B). Defendant National Insurance Services, Inc. is a wholly owned subsidiary of Defendant, Pan American Life Insurance Company.

10. The Defendant, NISUS, INC. (hereinafter referred to as "NISUS"), is a Florida corporation engaged in the sales of insurance policies. Its main offices are located at Tampa, Hillsborough County, Florida, and it is an "employer" as set forth in 42 U.S.C. Section 2000E–(B). Defendant National Insurance Services, Inc. is wholly owned subsidiary of Defendant, Pan American Life Insurance Company.

11. The Defendant, Pan Am on information and belief controls a substantial amount of the employment practices of its subsidiaries NIS and NISUS in that employment concerns of NISUS are directed to the Director of Human Relations at NIS, who in turn is believed to confer with the Human Relations Department at PAN AM for further direction and action. Furthermore, officers and/or directors of PAN AM have been present in the business locations of NIS and NISUS, and introduced to Plaintiff in such a manner as to indicate that same were the "bosses" of Plaintiff. Defendants NISUS, Inc., National Insurance Services, Inc. and Pan American Life Insurance Company shall hereinafter be collectively referred to as the "Corporate Defendants." "

Complaint pg. 3–4

■ In *McKenzie v. Davenport–Harris Funeral Home,* 834 F.2d 930 (11th Cir.1987) the court used the integrated enterprise test to determine if a parent corporation and subsidiary corporation can be considered a single entity, so as to find the parent corporation to be an employer under Title VII. *Id.* at 933. If the parent corporation is found to be the "employer," it can be held liable for the acts of the subsidiary. The factors to be considered include: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id.* at 933.

"The showing required to warrant a finding of single employer status has been described as 'highly integrated with respect to ownership and operations.'" *Id.* at 933.

Also in *Frank v. U.S. West, Inc.,* 3 F.3d 1357 (10th Cir.1993) the court used the integrated enterprise test to decide whether a parent corporation could be the employer of a subsidiary, and held liable under Title VII.

In this case, viewing the Complaint in the light most favorable to Plaintiff, this Court finds Plaintiff has stated sufficient allegations that could lead one to believe that PAN AM does control the employment decisions through its Human Relations Department. (Complaint, Para. 11) This Court is reluctant to dismiss Count I, as it does not appear beyond a doubt that Plaintiff will be unable to sustain her claim. In addition, this Court agrees that it is possible that further discovery may lead to more facts to establish Pan Am's control over the subsidiary to be considered an employer under Title VII. Plaintiff has stated a claim as to Count I.

After reviewing the Complaint, this Court finds that Defendant's "employer" status under Count III can be implied from the Title VII claim. However, Plaintiff admits that the omission may be an error, and has agreed to amend its Complaint. This Court grants Plaintiff leave to amend its Complaint as to Count III to set forth the Defendants status as an "employer" under the Florida Civil Rights Act of 1994. Plaintiff has failed to state a claim as to Count III.

Therefore, this Court grants Pan Am's Motion to Dismiss Count III and grants Plaintiff leave to amend her Complaint as to Count III. Furthermore, this Court denies Pan Am's Motion to Dismiss Count I.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Corporate Defendants seek to have Count II dismissed as against them because Plaintiff fails to state sufficient allegations to meet the element of "outrageous conduct" in an intentional infliction of emotional distress claim. Furthermore, they seek to have Plaintiff's claim for punitive damages stricken from the Complaint. Defendants argue that Plaintiff's mere allegations in the Complaint are not enough to provide a reasonable basis for recovery of punitive damages.

Plaintiff alleges that the employer threatened the employee's employment itself (Complaint, Para. 18), and required employees to listen to personal and explicit telephone conversations (Complaint, Para. 21), disrupted work by striking a window and specifically commenting to Plaintiff as to his likes/dislikes with regard to female attributes (Complaint, Para. 22), contacted employees during the normal course of business to comment on the size of his penis (Complaint, Para. 24), presented a suggestive doll to employees and required them to view it (Complaint, Para. 25), used a bull whip in the office (Complaint, Para. 26), used obscene language in the office (Complaint, Para. 27), physically touched the employees and himself in a suggestive manner (Complaint, Para. 32). Plaintiff argues that this conduct is outrageous enough to rise to the level required, and the Motion to Dismiss should be denied.

Under Florida law, in order to state a cause of action for intentional infliction of emotional distress, the plaintiff must demonstrate: 1) deliberate or reckless infliction of mental suffering by defendant; 2) by outrageous conduct; 3) which conduct of the defendant must have caused the suffering; and 4) the suffering must have been severe. *Metropolitan Life Insurance Co. v. McCarson,* 467 So.2d 277, 278 (Fla.1985)

As stated in *McCarson,* the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 278–279.

According to Florida case law, this standard is very difficult to meet. "... Florida courts have consistently rejected claims for intentional infliction of emotional distress relating to sexual harassment, intentional age discrimination and verbal abuse in the employment context." *Golden v. Complete Holdings,* 818 F.Supp. 1495 (M.D.Fla.1993).

Defendants cite many cases where an employee has claimed intentional infliction of emotional distress against an employer. *Studstill v. Borg Warner Leasing,* 806 F.2d 1005 (11th Cir.1986) and *Ponton v. Scarfone,* 468 So.2d 1009 (Fla. 2d DCA), *review denied,* 478 So.2d 54 (Fla.1985) Both of these cases involved a claim by the employee against the

**581**

employer for intentional infliction of emotional distress.

In *Studstill,* it was held that the employer's verbal statements of harassment, including jokes, off-color comments, and profane language, as well as unwanted physical contact, did not constitute conduct sufficient to support a claim for intentional infliction of emotional distress.

In *Ponton* it was held that an employer's "... utterances, designed to induce [the employee] to join with him in a sexual liaison ..." did not constitute behavior "... so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Id.* at 1010–1011.

The facts in the present case are substantially similar to the facts in *Studstill* and *Ponton* were the courts held that those facts does not rise to the level to be deemed outrageous as a matter of law.

■ "It is evident from the Florida case law on this subject that conduct must be exceeding outrageous and reprehensible in order to form the basis for a claim of intentional infliction of emotional distress." *Golden* at 1499.

■ In this case the Plaintiff attempts to factually distinguish her case from the Florida cases. However, Plaintiff's argument must fail. Whether a person's conduct is sufficiently outrageous to form the basis for a claim of intentional infliction of emotional distress is a matter of law, not a question of fact. *Baker v. Florida National Bank,* 559 So.2d 284, 287 (Fla. 4th DCA 1990).

For the reasons listed above, it is this Court's determination that Plaintiff's allegations do not meet the level of outrageousness as specified in *McCarson.* Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss Count I and III (Docket No. 27) is **granted** in part and **denied** in part, and Plaintiff **shall have** twenty (20) days from the date of this order in which to amend her Complaint as to Count III in accordance with the proceeding paragraphs; and Defendant's

Motion to Dismiss Count II (Docket No. 26) is **granted.**

**DONE AND ORDERED.**