John F. DOTY, individually and
as trustee, Plaintiff,

v.

CITY OF TAMPA, a municipality,
et al., Defendants.

No. 94–1154–CIV–T–17E.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 18, 1996.

George P. Kickliter, Law Office of George P. Kickliter, Tampa, FL, for John F. Doty.

Jorge I. Martin, City Attorney's Office, City of Tampa, Tampa, FL, for City of Tampa, William Smith, Dennis E. Manelli and Samuel L. Cannon, Jr.

### ORDER GRANTING IN PART, DENYING IN PART, DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

KOVACHEVICH, Chief Judge.

This cause comes before the Court on Defendants, CITY OF TAMPA's (hereinafter Tampa), WILLIAM SMITH's (hereinafter inspector Smith), DENNIS E. MANELLI's (hereinafter hearing master Manelli), and SAMUEL L. CANNON, JR.'s, (hereinafter hearing master Cannon) Renewed Motion to Dismiss Plaintiff's First Amended Complaint[1] and Memorandum of Law (Docket No. 42), and Plaintiff, JOHN F. DOTY's (hereinafter Doty), Memorandum of Law in Opposition (Docket No. 45).

### BACKGROUND

The Court recites the facts as stated by the Eleventh Circuit Court of Appeals:

[Plaintiff] John Doty's properties were cited for certain alleged violations of [Tampa's] building code. Doty received no actual notice of the City of Tampa Code Enforcement Board's (CEB) subsequent hearing on the citations and was not present. The CEB entered two orders fining Doty for the alleged violations. Once recorded, the fines created immediate liens on the cited properties. These liens "ran" to any other real or property owned by Doty.

Doty appealed the CEB's orders to the state circuit court. A year later, the circuit court ruled that he had not received the notice required by due process of law and "reversed and remanded" the CEB orders.

(Docket No. 35, pp. 2–3) (Appeal No. 95–2051). A month prior to the state circuit

1. The Court does not understand why the Defendants refer to an "amended" complaint because the Court file contains only one "complaint."

court ruling, however, Doty filed this action in federal district court.

After the state circuit court reversed and remanded, the Defendants moved to dismiss Doty's claims under the doctrine of *res judicata*. This Court granted the motion, but the Eleventh Circuit reversed and remanded. (Docket No. 35). The circuit court opinion, however, was limited to the *res judicata* issue and did not address other issues such as ripeness. (Docket No. 35, p. 7 n. 5). Accordingly, this Court reopened the case and allowed the parties to renew motions if there were any issues remaining to be addressed. (Docket No. 37).

### THE COMPLAINT

In Count I, Doty alleges that the Tampa Code Enforcement Board's (CEB) failure to actually notify him of the violation hearing constitutes (1) a violation of procedural and substantive due process, U.S. Const. amend. XIV § 1, (2) a denial of Doty's "day in court," U.S. Const. amend. IV, V, and XIV § 1, and (3) a due process taking claim, *see Eide v. Sarasota County*, 908 F.2d 716, 723 (11th Cir.1990), *cert. denied*, 498 U.S. 1120, 111 S.Ct. 1073, 112 L.Ed.2d 1179 (1991).

In Count II, Doty alleges that Tampa, through inspector Smith, unlawfully entered and made a warrantless search of his rental property on six (6) occasions. U.S. Const. amend. IV.

In Count III, Doty alleges that the Defendants (Tampa, hearing masters Manelli and Cannon, and inspector Smith) conspired to deprive Doty of his property.

In Count IV, Doty seeks a declaratory judgment that Section 162.09, Fla.Stat. (1993), is unconstitutional on its face because its overly-broad language: (1) denies access to courts; (2) violates trial by jury; and (3) creates excessive fines. U.S. Const. amends. VII and VIII.

Finally, in Count V,[2] Doty alleges that Tampa's, inspector Smith's, and hearing masters Manelli's and Cannon's actions constitute an arbitrary and capricious due process

claim, also known as a substantive due process claim. *See Eide*, 908 F.2d at 722 n. 9.

All of the these counts are brought against the Defendants-municipal actors pursuant to 42 U.S.C. § 1983 and *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

### DISMISSAL STANDARD

Under *Conley v. Gibson*, a district court should not dismiss a complaint "for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts" that would entitle the plaintiff to relief. 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *accord Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103, 104 (11th Cir.1982). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47, 78 S.Ct. at 103 (quoting Fed. R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss, this Court will examine only the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F.Supp. 232 (M.D.Fla.1995). Also, the Court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.*, 910 F.Supp. 576 (M.D.Fla.1995).

### RIPENESS

The first issue raised by the defendants is whether this Court has subject matter jurisdiction over Counts I, III, and V, in that the claims contained therein are not "ripe" for federal judicial review. Specifically, the defendants argue that Doty fails to allege that he has exhausted all administrative and state judicial remedies. Doty contends that the

---

**2.** Count VI, a complaint for preliminary restraining order and temporary injunction, is not pres- ently at issue.

exhaustion requirement does not apply to his claims.

*Counts I and III: Due Process Takings Claim.*

█ With respect to Doty's due process taking claim in Count I, and related conspiracy claim in Count III, he need not exhaust all state administrative and judicial procedures before bringing his section 1983 claim. However, Doty does have to satisfy the "finality" requirement. In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City,* the federal Supreme Court explained the difference between finality and exhaustion:

> [T]he finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury[.]

Whereas,

> [T]he exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate.

473 U.S. 172, 193, 105 S.Ct. 3108, 3120, 87 L.Ed.2d 126 (1985).

█ The Eleventh Circuit has interpreted *Williamson County* to mean that the exhaustion requirement does not apply to due process taking claims made pursuant to section 1983. *Tari v. Collier County,* 56 F.3d 1533, 1535, 1535 n. 4 (11th Cir.1995). However, the plaintiff must sufficiently allege "finality," which often "overlap[s]" exhaustion. *Williamson County,* 473 U.S. at 193, 105 S.Ct. at 3120.

█ Based on a review of the relevant case law, this Court concludes that certain crucial allegations are absent from Doty's complaint with respect to his due process taking claim. Doty neglected to address the following "finality" requirements:

> (1) an initial decisionmaker arrived at a definitive position on an issue, and that position inflicted an actual, concrete injury

on the plaintiff, *Williamson County,* 473 U.S. at 193, 105 S.Ct. at 3120;

> (2) all procedures that involved actors who could participate in the decisionmaking were pursued to completion by the plaintiff, *Tari,* 56 F.3d at 1536;

> (3) the available state appellate procedures not pursued by the plaintiff involved officials who were empowered, at most, to review the initial decisionmaker's position, *Williamson County,* 473 U.S. at 193, 105 S.Ct. at 3120;

> (4) all other available state procedures not pursued by the plaintiff were merely remedial, *id.;* and

> (5) the decisionmaker determined everything necessary for the district court to answer whether the landowner had been deprived of substantially all economically beneficial value of the property, *Eide,* 908 F.2d at 725 n. 16.

Specifically, subject to Fed.R.Civ.P. 11, Doty's complaint should factually specify: (1) the initial decisionmaker; (2) the definitive position taken; (3) the resulting injury;[3] (4) the available state procedures, appellate and non-appellate; (5) the powers (i.e. participating, reviewing, and/or remedy-granting) of the actors involved in those state procedures; (6) Doty's non-pursuit, pursuit, or pursuit to completion of those state procedures; and (7) the determinations necessary to establish Doty's deprivation of substantially all economically beneficial value of his property. This information, once answered by the Defendants, is crucial to the Court's determination of its subject matter jurisdiction.

Accordingly, the Court **grants** the Defendants' motion to dismiss Counts I and III of the complaint with ten (10) days leave to amend.

*Count V: Arbitrary and Capricious Due Process Claim.*

█ Just as the exhaustion requirement does not apply to due process takings claims, it does not apply to arbitrary and capricious due process claims. *Tari,* 56 F.3d at 1535–36.[4] Indeed, both claims require "finality" to

---

3. Doty sufficiently alleges an actual, cognizable injury as a result of the challenged decision.

4. Like the plaintiff in *Eide,* Doty alleges an *as applied* arbitrary and capricious due process

be ripe. However, the Eleventh Circuit applies a different "finality" analysis with respect to arbitrary and capricious due process claims:

> In the areas of due process takings and just compensation, there are two parts to the final decision hurdle. First, the zoning decision must be finally made and applied to the property. Second, the local authority must have made all other decisions necessary for the court to determine whether the landowner has been deprived of substantially all economically beneficial value of the property.... On the other hand, with respect to an as applied arbitrary and capricious due process claim, the final decision hurdle is satisfied when the first prong is met.... [In other words,] [a] property owner's rights are violated the moment a governmental decision affecting his or her property has been made in an arbitrary and capricious manner, regardless of whether he or she is later compensated for that violation.

*Eide,* 908 F.2d at 725 n. 16 (internal citations, quotations, and alterations omitted). Although *Eide* involved an application of a zoning ordinance, the Court sees no material distinction between it and the application of the Tampa Code to Doty's property.

Therefore, applying *Eide* to this case, the Court concludes that Doty should have addressed in his complaint four (4) out of the five (5) finality requirements of a due process takings claim.[5] Obviously, if Doty's due process claim is ripe, then his arbitrary and capricious due process claim will also be ripe. Doty need only allege the finality requirement once; he may reincorporate it for purposes of Count V. Thus, the Court **grants** the Defendants' motion to dismiss Count V with ten (10) days leave to amend.

■ The Court also notes that a claim of arbitrary and capricious due process is the same as one of substantive due process. *Eide,* 908 F.2d at 722 n. 9. Therefore, the portion of Count I dealing with substantive due process is **stricken** because it duplicates Count V.

## QUASI–JUDICIAL IMMUNITY

■ The second issue raised by the defendants is whether hearing masters Manelli and Cannon are absolutely immune from liability. Assuming the truth of Doty's allegations, this Court concludes that Manelli and Cannon are not protected, as a matter of law, by the doctrine of absolute immunity.

The only case advanced by the defendants is *Cahill v. Florida Department of Business & Professional Regulation,* 8 Fla.L. Weekly D290, 1994 WL 378678 (M.D.Fla.1994). In *Cahill,* an executive agency of a state suspended a pilot's license without a hearing. The pilot sued both the agency and its secretary. This Court granted the agency's and the secretary's motion to dismiss. With respect to the agency, the Court concluded that, as a state agency, it enjoyed Eleventh Amendment Immunity from suit in federal court. With respect to the secretary, this Court held that he "also enjoys Eleventh Amendment Immunity" because "[h]is statutory authority to summarily suspend licenses necessarily 'encompasses the sound exercise of discretionary authority.'" *Id.* at D291 (quoting *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959)).

*Cahill* is distinguishable from the instant case. *Cahill* involved an executive agent of a state, whereas the instant case involves an agent of a city. There is no Eleventh Amendment issue in this case as there was in *Cahill.* Therefore, the Court is not persuaded by the defendants' reliance on *Cahill.*

## MUNICIPAL LIABILITY

■ The final issue before the Court is whether Tampa may be held liable for the alleged acts of its employees. The Court concludes that Doty's allegations are insufficient to support a finding that Tampa violated Doty's constitutional rights pursuant to an official policy or custom.

Although Doty argues that Tampa's employees acted under "established policies," as "embodied in state statutes and local ordi-

---

· claim, rather than a facial one. Similarly, Doty seeks damages just as the *Eide* plaintiff did.

5. *See supra* Ripeness, Count I: Due Process Takings Claim.

nances," many of the allegations relate to actions taken by Tampa's employees outside of the scope of their authority. For example, Doty alleges that inspector Smith acted outside the scope of his employment when entering and searching Doty's property. Complaint, ¶ 6. Also, Doty contends that hearing masters Manelli and Cannon were illegally appointed by Tampa's mayor and failed to follow proper procedures before entering liens. Complaint, ¶ 7.

While it is true that Doty is suing inspector Smith and hearing masters Manelli and Cannon in both their individual and official capacities, the line between these two capacities is not clearly drawn in the complaint. In most of the counts, Doty seeks to hold Tampa liable for the "acts of the Defendants." *See* Complaint, ¶¶ 20, 23, 28, 36, 37(a), 37(c), 37(d), and 37(e). Because some of the alleged "acts" were committed by Tampa agents acting outside the scope of their authority, the trier of fact could not permissibly hold Tampa liable for such acts without proof of an official custom or policy. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978). The Court **grants** the Defendants' motion to dismiss with respect to Tampa's liability with ten (10) days leave to amend. Accordingly, it is

**ORDERED** that the Defendants' Renewed Motion to Dismiss Plaintiff's First Amended Complaint (Docket No. 42) be **GRANTED AS TO RIPENESS (COUNTS I, III, & V) AND MUNICIPAL LIABILITY (COUNTS I–V)**, but **DENIED AS TO IMMUNITY (COUNTS I, III, & V);** the Plaintiff's substantive due process claim in Count I be **STRICKEN;** and the Plaintiff has ten (10) days from the date of this Order to file an amended complaint, subject to Fed.R.Civ.P. 11 and this Order, or the clerk of the court shall dismiss this case.

**DONE AND ORDERED.**