Chris C. PAPAZIAN, on behalf of himself
and all others similarly situated,
Plaintiff,

v.

GOLD KEY LEASE, INC., Defendant.

No. 96–2479–CIV–T–17A.

United States District Court,
M.D. Florida.

April 15, 1997.

Christopher Nicholas Giuliana, Giuliana
Associates, Chtd., Clearwater, FL, O. Ran-
dolph Bragg, Horwitz, Horwitz & Associates,
Chicago, IL, for Plaintiff.

G. Calvin Hayes, Holland & Knight, Tam-
pa, FL, Gregory J. Digel, Holland & Knight,
L.L.P., Atlanta, GA, for Defendant.

### ORDER ON DEFENDANT'S MOTION TO DISMISS

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defen-
dant's Motion to Dismiss and Memorandum
in support (Dkts.8,9), and Plaintiff's Memo-
randum in opposition to Defendant's Motion
to Dismiss (Dkt.13).

### STANDARD OF REVIEW

Under *Conley v. Gibson,* a district court
should not dismiss a complaint "for failure to
state a claim unless it appears beyond a
doubt that the plaintiff can prove no set of
facts" that would entitle the plaintiff to relief.
355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80
(1957); see also *Bracewell v. Nicholson Air
Services, Inc.,* 680 F.2d 103, 104 (11th Cir.
1982). To survive a motion to dismiss, a
plaintiff may not merely "label" his or her
claims. *Blumel v. Mylander,* 919 F.Supp.
423, 425 (M.D.Fla.1996). At a minimum, the
Federal Rules of Civil Procedure require "a
short and plain statement of the claim" that
"will give the defendant fair notice of what
the plaintiff's claim is and the grounds upon
which it rests." *Conley,* 355 U.S. at 47, 78
S.Ct. at 103 (quoting Fed.R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss, a court
can examine only the four (4) corners of the
complaint. *Rickman v. Precisionaire, Inc.,*
902 F.Supp. 232 (M.D.Fla.1995). The
threshold of sufficiency that a complaint
must meet to survive a motion to dismiss is
exceedingly low. *Ancata v. Prison Health
Servs., Inc.,* 769 F.2d 700, 703 (11th Cir.1985)
(citation omitted). Also a court must accept

a plaintiff's well pled facts as true and construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.,* 910 F.Supp. 576 (M.D.Fla.1995). However, when, on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991), *cert denied,* 502 U.S. 810, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991); *Powell v. United States,* 945 F.2d 374 (11th Cir.1991).

## FACTUAL BACKGROUND

1. On or about March 31, 1994, Mr. Papazian (Plaintiff) entered into an agreement to lease an automobile at Kenyon Dodge, a car dealership located in Clearwater, Florida using a lease form provided by Gold Key Lease, Inc. (Defendant) and identified as "84–289–5085 (3/93) FL, LEASE AGREEMENT–GOLD KEY".

2. Shortly after the lease was signed, Kenyon assigned the lease to Defendant.

3. Plaintiff paid a refundable security deposit of $225.00 as part of the amount that he was required to pay at the inception of the lease.

4. On or about April 1, 1996, at the end of the lease term, Plaintiff terminated the lease and was given no credit for interest earned on his refundable security deposit.

5. Plaintiff's complaint alleges two causes of action founded upon the federal Consumer Leasing Act ("CLA") (Count I) and for restitution (Count II). Plaintiff alleges that the lease did not contain adequate disclosures required by the CLA, particularly with regard to the security deposit paid by Plaintiff at the time of entering into to the lease, and the nature of the manufacturer's warranty. Plaintiff alleges that Section 679.207(2), Fla. Stat., requires that a lessor must pay or credit a lessee for any interest earned on a lessee's security deposit.

6. Defendant filed a motion to dismiss arguing (1) the security deposit required by Defendant's lease is a debt not subject to U.C.C. § 9–207, (2) the CLA, 15 U.S.C. section 1667a, does not require the disclosure of whether interest will be earned on the security deposit, and (3) Plaintiff's warranty disclosure claim is barred by the class settlement in *Highsmith v. Chrysler Credit Corp.,* 18 F.3d 434 (7th Cir.1994).

## DISCUSSION

■ It is well settled that the doctrine of res judicata bars a plaintiff who is a member of a class certified in a prior settled lawsuit from bringing a later suit litigating the same claims covered by the previous action. *Kemp v. Birmingham News Co.,* 608 F.2d 1049 (5th Cir.1979). The primary purpose of a class action suit is to dispose of the claims of numerous parties in one proceeding. *Id.* at 1053. "The purpose of res judicata is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *King v. South Cent. Bell Tel. and Tel. Co.,* 790 F.2d 524, 528 (6th Cir.1986) quoting *Westwood Chemical Co. v. Kulick,* 656 F.2d 1224 (6th Cir.1981).

■ "As a general rule, a judgment in a class action will bind the members of the class." *Kemp,* 608 F.2d at 1054. The exception to this general rule is grounded in due process. *Gonzales v. Cassidy,* 474 F.2d 67 (5th Cir.1973). "Due process of law would be violated for the judgment in a class action suit to be res judicata to the absent members of a class unless the court applying res judicata can conclude that the class was adequately represented in the first suit." *Id.* at 74. Members of the class will be bound unless the party challenging the judgment can show that the class was inadequately represented. *Id.* at 75. The primary criterion for determining whether there was adequate representation of the class is whether the representative, through qualified counsel, vigorously protected the interests of the class. *Id.* However, Plaintiff in the instant case does not claim inadequate representation, merely lack of notice.

■ Plaintiff alleges that Defendant violated the CLA by failing to disclose warranties on lease vehicles as well as failing to disclose interest earned on security deposits.

These claims were settled by the Final Judgment and Dismissal Order in *Highsmith v. Chrysler Credit Corp.*, (N.D.Ill., May 10, 1995). The *Highsmith* class was defined for settlement purposes to include all lessees who had entered into auto leases between October 31, 1990 and July 1, 1994 and whose leases were subsequently assigned to any Chrysler affiliate, including Defendant. In *Highsmith*, a class of auto lessees alleged, among other things, that a warranty provision in a Chrysler lease violated the disclosure requirements of the CLA. See *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 438 (7th Cir.1994).

After remand from the Seventh Circuit on the disclosure issue, the parties agreed to settle the case. Pursuant to the agreement, a Final Judgment and Order of Dismissal was entered. The action was dismissed, with prejudice. All members of the Class were deemed to have released and forever discharged Chrysler Credit Corporation and all of its subsidiaries (including Defendant) of all claims related to Chrysler's lease forms and procedures, including the disclosure of any of the terms of the lease or the manner in which such terms were disclosed or not disclosed by Chrysler. (*Highsmith* Judgment, paragraph 6).

The Judgment also released all claims relating to the failure to disclose the retention of interest earned or other profits on security deposits, if any, and of violating the Truth in Lending Act (TILA) and Regulation M promulgated thereunder. *Id.* Further, any claims relating to retention of interest on security deposits, if any, and of violating the UCC section 9-207(2)(c) were also released. *Id.* Finally the Judgment declared that "class members who did not opt out of the Class as of March 22, 1995 are hereby permanently barred, restrained and enjoined from commencing or prosecuting any of the Released Claims pursuant to the Settlement Agreement against Chrysler or any of the other Released Parties." *Id.*, paragraph 8.

Plaintiff in the instant case was a member of the *Highsmith* class and did not opt out of the class. He leased a motor vehicle for personal, family, or household use for a period of 24 months pursuant to an agreement financed by Defendant on March 31, 1994. Under the definition set forth in the *Highsmith* Judgment, Plaintiff in this case was a certified member of the *Highsmith* class of plaintiffs. In accordance, Plaintiff was sent a settlement check which was subsequently cashed. (Affidavit of Peggy Hahn and Yvonne Settle). Therefore, Plaintiff's claims are barred on res judicata grounds by the class settlement.

In conclusion, this Court finds that the judgment in *Highsmith* shall be given res judicata effect for the Plaintiff in this case. The Court finds that Plaintiff has made no claim that he was inadequately represented by the class representative in *Highsmith*. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Dkt.8) is **granted**. The Clerk of Court shall enter a final judgment of dismissal.