AMERICAN CHARITIES FOR REASONABLE FUNDRAISING REGULATION, INC., the Creative Advantage, Inc., and Norman W. Leahy, Plaintiffs,

v.

PINELLAS COUNTY, a political subdivision of the State of Florida, Nugent Walsh, as chairperson of the Charitable Solicitations Board of Pinellas County, and Sheryl Lord, as Director of Consumer Protection of Pinellas County, Defendants.

No. 97–2058–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

March 4, 1998.

Alison M. Steele, George Karl Rahdert, Rahdert & Anderson, Cynthia L. Hain, Rahdert, Anderson, McGowan & Steele, P.A., St. Petersburg, FL, Clifford Perlman, Seth Perlman, Perlman & Perlman, New York, NY, Geoffrey W. Peters, Law Office of Geoffry W. Peters, Vienna, VA, for Plaintiffs.

Carl E. Brody, Jr., Pinellas County Attorney's Office, Clearwater, FL, for Defendants.

### ORDER ON DEFENDANTS' MOTION TO DISMISS

KOVACHEVICH, Chief Judge.

This cause comes before the Court on a motion to dismiss the complaint (Docket No. 13), with attachments (Docket No. 19), filed by Defendants, PINELLAS COUNTY, a political subdivision of the State of Florida (hereinafter County), NUGENT WALSH, as chairperson of the Charitable Solicitations Board of Pinellas County (hereinafter Walsh), and SHERYL LORD, as Director of Consumer Protection of Pinellas County (hereinafter Lord). Plaintiffs AMERICAN CHARITIES FOR REASONABLE FUND-RAISING REGULATION, INC. (hereinafter American), THE CREATIVE ADVANTAGE, INC. (hereinafter Creative), and NORMAN W. LEAHY (hereinafter Leahy) filed a responsive memorandum, with attachments (Docket No. 16).

### I. BACKGROUND

Plaintiffs bring this case under 42 U.S.C. § 1983, alleging that the Defendants deprived them of their constitutional rights within the meaning of that statute. The Plaintiffs' complaint contains six causes of action. Their claims are based on an Ordinance adopted by Pinellas County concerning the solicitations of charitable contributions. Plaintiffs' counts are as follows: First, that Pinellas County's mandate under § 42–291 of the Ordinance, which requires the Plaintiffs to register with the County, is an unconstitutional restriction on interstate commerce pursuant to the Commerce Clause contained in Article I, Section 8 of the United States Constitution because the Plaintiffs have no nexus with Pinellas County. Second, that the multiple licensing and fee requirements on professional fundraising consultants, imposed by the State of Florida and by all of the local jurisdictions within the state, violate the Commerce Clause contained in Article I, Section 8 of the United States Constitution because they stifle the free flow of commercial fundraising advice sold in interstate commerce. Third, that § 42–278 of the Ordinance violates the dictates of First Amendment jurisprudence because it places the burden of review upon the aggrieved party and not on the government body. Fourth, that the application of the Ordinance to the Plaintiffs violates Plaintiffs' First and Fourteenth Amendment rights because it is an unconstitutional prior restraint on Plaintiffs' First Amendment rights and it is not narrowly tailored to serve a compelling state interest. Fifth, that

the Ordinance places an undue burden on Plaintiffs' First Amendment rights which violates Plaintiffs' First and Fourteenth Amendment rights because Plaintiffs are required to register with and pay a fee to both the State of Florida and the County. Sixth, that Defendant Pinellas County's threat to impose sanctions on the Plaintiffs for failure to comply with the Ordinance violates the Plaintiffs' Due Process rights under the Fourteenth Amendment of the United States Constitution because Plaintiffs do not have sufficient minimum contacts with Pinellas County for the County to fairly enforce its laws against them, nor does the Ordinance give sufficient notice to those it seeks to regulate. In this action, the Plaintiffs seek declaratory relief, and a permanent injunction to restrain the Defendants from enforcement of the Ordinance.

Defendants move to dismiss Plaintiffs' complaint on several grounds. First, they assert that the Eleventh Amendment of the United States Constitution acts a jurisdictional bar to the Court's review of this matter pursuant Rule 12(b)(2) of the Federal Rules of Civil Procedure. Next, they assert, pursuant to Laws of Florida, Chapter 88–458, § 1, Resolution No. 88–496, 12–6–88, that all Defendants through their individual actions of enforcing the Pinellas County Charities Ordinance are acting on behalf of the State of Florida. Third, Defendants maintain that Plaintiffs bear the burden of proving that the County is not acting as a proxy for the state. Fourth, Defendants Lord and Walsh assert that the complaint against them in their official capacities is equivalent to a suit against the state. Finally, Defendants assert that this Court lacks subject matter jurisdiction over the County pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction is proper at this time pursuant to Rule 12(h)(3), which provides as follows: "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." In deciding a motion to dismiss, this Court will examine only the four (4) corners of the complaint. *See Rickman v. Precisionaire, Inc.*, 902 F.Supp. 232 (M.D.Fla.1995). Additionally, in ruling on a motion to dismiss, a trial court is required to view the complaint in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.*, 910 F.Supp. 576 (M.D.Fla.1995).

## III. DISCUSSION

### A. Eleventh Amendment

Defendants contend that this Court should dismiss Plaintiffs' complaint because the Eleventh Amendment of the United States Constitution acts as a jurisdictional bar to this Court's review of this matter pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. The Eleventh Amendment read as follows: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by a citizen of another state." First, this Court will address the Eleventh Amendment immunity as it pertains to Defendants Walsh and Lord. Plaintiffs sued Defendant Walsh in his official capacity as chairperson of the Charitable Solicitations Board of Pinellas County. Likewise, Plaintiffs also sued Defendant Lord in her official capacity as the Director of Consumer Protection of Pinellas County. Plaintiffs brought both of these suits for injunctive and declaratory relief only. Defendants Walsh and Lord, claim that they are protected by the Eleventh Amendment because in enforcing the Ordinance, they were acting as an agent of the state. However, whether or not Defendants Walsh and Lord were acting as agents of the state is irrelevant to this Court's determination.

"In an injunctive or declaratory action grounded on federal law, the State's immunity can be overcome by naming state officials as defendants." *Kentucky v. Graham*, 473 U.S. 159, 170 n. 18, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (followed by *Andre v. Castor*, 963 F.Supp. 1158, 1168 (M.D.Fla. 1997)). Likewise, the Eleventh Amendment does not bar Plaintiffs' suit against Defendants Walsh and Lord because they seek

payment of all costs, interest and attorney's fees incurred pursuant to 42 U.S.C. § 1988. This is true regardless of whether these two defendants are deemed to be state actors or not. "Monetary relief that is 'ancillary' to injunctive relief is also not barred by the Eleventh Amendment." *Edelman v. Jordan,* 415 U.S. 651, 667–68, 94 .S.Ct. 1347, 39 L.Ed.2d 662 (1974). Therefore, the Eleventh Amendment does not bar the Plaintiffs' suit against Defendants Walsh and Lord.

Next, this Court will address the Eleventh Amendment immunity as it relates to Defendant County. Plaintiffs sued Defendant Pinellas County for injunctive and declaratory relief only. Defendant Pinellas County claims that the Eleventh Amendment should bar the suit brought by Plaintiffs because the County is acting in stead of the State in the regulation of charitable solicitations pursuant to Section 2.04(o), Pinellas County Charter, Laws of Florida, Chapter 88–458, § 1, Resolution No. 88–496, 12–6–88. However, Plaintiffs have alleged in their Complaint that the Pinellas County Ordinance does not replace legislation by the State concerning charitable solicitations, but instead it acts concurrently with the state legislation as a separate regulation.

"The Court has consistently refused to construe the Amendment (11th) to afford protection to political subdivisions such as counties and municipalities, even though such entities exercise a 'slice of state power'." *Lake Country Estates, Inc. v. Tahoe Reg. Plan.,* 440 U.S. 391, 401, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979). The Florida Constitution Art. VIII, Sec. 1 provides that: "[t]he state shall be divided by law into political subdivisions called counties."

█ In determining whether an agency is part of the state, there are four aspects of state law which the Court must address, as set out as follows in *Hufford v. Rodgers,* 912 F.2d 1338, 1341 (11th Cir.1990). First, how state law defines the entity? Second, what degree of control the state maintains over the entity? Third, where funds for the entity are derived from? Fourth, who is responsible for the judgment against the entity? *See id.*

An additional factor that courts have found persuasive in determining whether the defendant is a state actor or agency, is who is representing the entity in the lawsuit. *See Houck & Sons, Inc. v. Transylvania County,* 852 F.Supp. 442, 450 (W.D.N.C.1993). In *Houck,* plaintiff sued two county health department directors who were represented by the state Attorney General. The Court in *Houck* found that it was strongly persuasive that these directors were acting on behalf of the state, since it was against the state's financial interest for the Attorney General to represent them. However, the instant case differs from the *Houck* case in one significant respect. That is Defendants Walsh and Lord, as well as Pinellas County, are not represented by the state Attorney General like the defendants in *Houck* were, but instead they are represented by the County Attorney.

This Court has made a careful review of the evidence presented by both sides, but is unable to determine whether Defendant Pinellas County, is an agency of the State of Florida because it lacks sufficient evidence in the record to make such a determination. Therefore, this Court hereby directs the parties to submit a brief on this point to the Court, addressing the four factors as set out in *Hufford.* Accordingly, Defendant Pinellas County has until March 11, 1998, to file their brief with this Court· and thereafter, Plaintiffs will have until March 19, 1998, to file their reply brief with this Court, so that a determination as to this issue can be made. If it is determined that Defendant Pinellas County is in fact an agency of the State, then this Court will dismiss Plaintiffs' complaint in part as it relates to Defendant Pinellas County under the theory of Eleventh Amendment immunity.

**B. Qualified Immunity**

█ The Court will first look at the issue of qualified immunity as it pertains to Defendants Walsh and Lord. As previously stated, Plaintiffs sued Defendants Walsh and Lord in their official capacities. These suits against Defendants Walsh and Lord, were brought by Plaintiffs seeking declaratory and injunctive relief only. "Because qualified im-

**1480**

munity is only a defense to personal liability for monetary awards resulting from government officials performing discretionary functions, qualified immunity may not be effectively asserted as a defense to a claim for declaratory or injunctive relief." *Ratliff v. DeKalb County,* 62 F.3d 338, 340 n. 4 (11th Cir.1995) (citing *D'Aguanno v. Gallagher,* 50 F.3d 877 (11th Cir.1995); *Lassiter v. Alabama A & M University,* 28 F.3d 1146, 1149 n. 2 (11th Cir.1994)). Defendants Walsh and Lord were not sued in their individual capacities, nor were they sued for monetary damages. Therefore, Defendants Walsh and Lord are not entitled to the qualified immunity defense.

■ If this Court should find that the Eleventh Amendment does not bar Plaintiffs' suit against Defendant Pinellas County, the County will also not be entitled to qualified immunity. That is because qualified immunity is a defense against personal liability for government officials. *See Ratliff,* 62 F.3d at 340. "Unlike an individual defendant, the city (or municipality) does not enjoy qualified immunity." *City of Hialeah v. Fernandez,* 661 So.2d 335, 343 (Fla.3d Dist.Ct.App.1995) (citing *Owen v. City of Independence,* 445 U.S. 622, 657, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980)). Therefore, if the Court finds that the Plaintiffs' claims against Defendant Pinellas County, are not barred by the Eleventh Amendment, Defendant County will not be entitled to qualified immunity.

### C. Sovereign Immunity

■ The Defendants also claim that they are entitled to sovereign immunity under the statutory and common laws of the State of Florida. However, the only purpose of state sovereign immunity is to protect states from suits in their own courts. *See Hufford v. Rodgers,* 912 F.2d 1338, 1341 (11th Cir.1990). As a result, state sovereign immunity is not applicable to claims made in federal court under § 1983. *See id.* Therefore, Defendants are not entitled to sovereign immunity under either the statutory or common laws of Florida.

### D. Lack of Subject Matter Jurisdiction Over the County under Federal Rules of Civil Procedure 12(b)(1).

■ Defendant Pinellas County raises two reasons why this Court lacks jurisdiction. The first is its contention that the Eleventh Amendment bars suit against the County because it was acting for the State. The Court will not readdress this issue since it previously addressed this issue earlier herein. The second is that the Supreme Court's holding in *Monell v. Dept. of Social Services of City of N.Y.* bars Plaintiffs suit against the County. Defendant County alleges that the law which Plaintiffs are challenging is that of the State and therefore they cannot be liable. However, the law in question is a Pinellas County Ordinance that regulates charitable contributions. The *Monell* Court held that: "[l]ocal governing bodies ... can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell,* 436 U.S. 658, 690–92, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Therefore, if this Court finds that the County is not a state actor or agency, then the test under *Monell* would be met because the alleged unconstitutional act stems from the implementation and/or execution of an ordinance adopted by the County. Accordingly, it is

**ORDERED** that Defendants' motion to dismiss be **DENIED** in part as it relates to Defendants WALSH and LORD; that Defendant Pinellas County must file their brief with this Court on the Eleventh Amendment immunity issue by March 11, 1998, and thereafter, Plaintiffs must file their reply brief to this issue by March 19, 1998.

**DONE and ORDERED.**