UNITED STATES of America,
Plaintiff,

v.

SEMINOLE TRIBE OF FLORIDA,
Defendant.

No. 97–1481–Civ–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

March 4, 1999.

Adelaide G. Few, Warren A. Zimmerman, U.S. Attorney's Office, Tampa, FL, for plaintiff.

Beverly A. Pohl, Beverly A. Pohl, P.A., Ft. Lauderdale, FL, Jerry C. Straus, Marsha Kostura Schmidt, Hobbs, Straus, Dean & Walker, Washington, DC, Bruce S. Rogow, Bruce S. Rogow, P.A., Ft. Lauderdale, FL, for defendant.

### ORDER ON MOTION TO DISMISS AMENDED COMPLAINT

KOVACHEVICH, Chief Judge.

This cause comes before the Court on Defendant's Motion to Dismiss the amended complaint (Dkt.6), and Plaintiff's response.

### STANDARD OF REVIEW

Under *Conley v. Gibson,* a district court should not dismiss a complaint "for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts" that would entitle the plaintiff to relief. 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104 (11th Cir.1982). To survive a motion to dismiss, a plaintiff may not merely "label his or her claims." *Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99 (quoting Fed.R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss, a court can only examine the four (4) corners of the complaint. *Rickman v. Precisionaire, Inc.,* 902 F.Supp. 232 (M.D.Fla.1995). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Servs. Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (citation omitted). Also a court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.,* 910 F.Supp. 576 (M.D.Fla.1995). However, when, on the basis of a dispositive issue of law, no construction of the actual allegation of a complaint will support the cause of action, dismissal of the

complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991), *cert. denied,* 502 U.S. 810, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991); *Powell v. United States,* 945 F.2d 374 (11th Cir. 1991).

### FACTUAL BACKGROUND

Plaintiff, UNITED STATES OF AMERICA, seeks: (a) a declaration that Defendant, SEMINOLE TRIBE OF FLORIDA, is conducting unauthorized and therefore unlawful gaming activities on Defendant's reservation properties located within the Middle District of Florida; and (b) a permanent injunction against the gaming activities.

Plaintiff alleges that, under the standards set forth in the Indian Gaming Regulatory Act (IGRA) 25 U.S.C. § 2701 *et seq.,* gaming which is presently being conducted by Defendant on tribal lands in the Middle District of Florida is of a category which is expressly and specifically prohibited by Federal law. Further, Plaintiff contends that Defendant operates class III gaming activities pursuant to 25 U.S.C. § 2710(d)(1) without a compact in violation of IGRA (Dkt.2).

### ANALYSIS

On September 19, 1997, Defendant filed a Motion to Dismiss the amended complaint pursuant to Florida Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted (Dkt.6).

■ Defendant maintains that Plaintiff has no authority to seek civil injunctive relief under 18 U.S.C. § 1166(a), the Johnson Gambling Devices Act, 15 U.S.C. § 1175, or the Organized Crime Control Act (OCCA), 18 U.S.C. § 1955. Defendant further contends that if Defendant was violating IGRA, the only authorized federal remedies would be a civil enforcement by the National Indian Gaming Commission (NIGC) under 25 U.S.C. § 2713, or criminal prosecution and/or seizures under IGRA, the Johnson Act, and/or OCCA.

■ However, 18 U.S.C. § 1166 provides that "**all** state laws pertaining to the licensing, regulation, or prohibition of gambling, including but not limited to criminal sanctions applicable thereto, shall apply in Indian country in the same manner and to the same extent as such laws apply elsewhere in the State." Further, Section 849.20, *Florida Statutes,* declares the facility where "the possession, operation or use of any machine or device, the possession, operation or use of which is prohibited by §§ 849.15–23, shall be maintained or operated, and each of such machines or devices, is declared to be a common nuisance." Section 849.21, *Fla.Stat.,* specifically provides that injunctive relief is applicable for the acts described in § 849.20. The fact that acts may also constitute a criminal violation will not undermine the court's authority to grant an injunction on a separate basis. *Airlines Reporting Corp. v. Barry,* 825 F.2d 1220, 1223 (8th Cir.1987); *Wyandotte Transp. Co. v. United States,* 389 U.S. 191, 201–202, 88 S.Ct. 379, 19 L.Ed.2d 407 (1967) (criminal penalties do not preclude an injunction when injunctive relief is more effective).

■ The scope of section 1166 is clearly broad, assimilating all state laws governing regulation of gambling, including those which are civil, as well as those which are criminal. Moreover, there is a "presumption against a congressional intent to limit the power of the Attorney General to prosecute offenses under the criminal laws of the United States." *United States v. International Union of Operating Engineers, Local 701,* 638 F.2d 1161 (9th Cir. 1979), *cert. denied,* 444 U.S. 1077, 100 S.Ct. 1026, 62 L.Ed.2d 760 (1980). Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss the Amended Complaint (Dkt.6) is **denied.**